IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**PATRICK KEITH SNYDER,**

    Defendant.

_____

Case No. 6:15-cr-416-01-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Patrick Keith Snyder moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 124.

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

(iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to

reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

Defendant argues the threat of serious illness or death from COVID-19, along with his other medical issues, present extraordinary and compelling reasons justifying compassionate release. The Court disagrees.

In late April, Defendant was hospitalized for COVID-19 symptoms. However, the government notes that Defendant subsequently recovered and was transferred back to FCI Terminal Island. Defendant provided no evidence or medical records other than records concerning his medical issues prior to sentencing. The fact that Defendant is confined to a wheelchair does not justify a reduced sentence. After all, the Court specifically took Defendant's medical issues into account when substantially departing from the applicable guideline range at sentencing. In fact, Defendant received a sentence less-than one half of the applicable low-end guideline. As Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court does not determine whether Defendant poses a danger to the community.

Defendant's Motion to Reduce Sentence, ECF No. 127, is DENIED.

IT IS SO ORDERED.

DATED this 1st day of June, 2020.

    **/s Michael McShane**
Michael J. McShane
United States District Judge